```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LAUREN SAPOSNICK,

                        Plaintiff,
                                                              MEMORANDUM & ORDER
          - against -                                            23-CV-3600 (PKC)

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                        Defendant.
--------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Lauren Saposnick brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for Disability Insurance Benefits ("DIB"). As explained in more detail below, both parties have moved for remand of Plaintiff's application, though they seek different remedies on remand. For the reasons explained below, the Court partially grants both parties' motions for judgment on the pleadings. The case is remanded for further proceedings consistent with this Memorandum and Order.

## BACKGROUND

Plaintiff filed an application for DIB on November 29, 2016, alleging that her disability began May 11, 2015. (Administrative Tr., Dkt. 8 ("Tr.") at 99.[1]) On March 8, 2017, SSA initially rejected Plaintiff's application. (*Id.* at 110.) Plaintiff requested an administrative hearing, which Administrative Law Judge Margaret Donaghy ("ALJ Donaghy") held in October 2018. (*Id.* at 17.) ALJ Donaghy then held two additional supplemental hearings: the first on February 26, 2019, to

---

[1] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript, (*see* Dkt. 8), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

take testimony from Plaintiff's father, and the second on July 17, 2019, to take vocational expert testimony. (*Id.*) On August 28, 2019, ALJ Donaghy denied Plaintiff's application for benefits, finding that Plaintiff could still perform light, unskilled work. (*Id.* at 28–29.) Plaintiff appealed to the Appeals Council, who denied review. (*Id.* at 1.) Plaintiff then appealed to this Court, arguing, *inter alia*, that ALJ Donaghy "failed to properly weigh the opinions of Plaintiff's treating physicians." *Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), 2022 WL 595184, at *1, 3 (E.D.N.Y. Feb. 28, 2022). This Court agreed, remanding the case to the SSA on the grounds that ALJ Donaghy failed to properly weigh medical opinion evidence and had not given sufficient weight to the opinions of Plaintiff's treating psychiatrists. *Id.* at *3–6. Upon remand, Plaintiff submitted additional medical records from one of her treating psychiatrists. (Tr. 802–88.) ALJ Donaghy held another administrative hearing. (*Id.* at 88.) On March 16, 2023, ALJ Donaghy once again denied Plaintiff's application for disability benefits on similar grounds as her previous ruling. (*Id.* at 630–42.) Plaintiff now appeals to this Court for a second time. (*See generally* Compl., Dkt. 1.)

## DISCUSSION

The parties agree that ALJ Donaghy did not comply with this Court's previous Memorandum and Order in issuing her most recent decision on Plaintiff's DIB application. (*See* Mem. Supp. Def.'s Mot. for Remand ("Def.'s Br."), Dkt. 12-1 at 19 ("The Commissioner acknowledges that, in finding Plaintiff not disabled, the ALJ did not comply with this Court's February 2022 Memorandum and Order . . . ."); Pl.'s Mem. Supp. Mot. for Remand ("Pl.'s Br."), Dkt. 10 at 3 (similar).) They disagree, however, as to the appropriate remedy. Plaintiff urges the Court to reverse ALJ Donaghy's decision, remanding only for calculation of benefits. (Pl.'s Br., Dkt. 10 at 23–25.) Defendant, on the other hand, urges the Court to remand so that the ALJ may adjudicate Plaintiff's application for benefits for a third time. (Def.'s Br., Dkt. 12-1 at 19–25.)

Section 405(g) permits district courts to review the Commissioner's decisions "and affirm, reverse, or modify that decision, 'with or without remanding . . . for a rehearing.'" *Catsigiannis v. Astrue*, No. 08-CV-2177 (ENV) (LB), 2013 WL 2445046, at *3 (E.D.N.Y. June 4, 2013) (quoting 42 U.S.C. § 405(g)); *see also Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), *as modified on reh'g*, 416 F.3d 101 (2d Cir. 2005). Typically, a district court reviewing the Commissioner's decision to deny disability benefits "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts*, 388 F.3d at 384 (citing *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). If a court finds that an ALJ did not apply the correct legal standards, that they did not sufficiently develop the record, or that their decision is not supported by substantial evidence, the court can remand the case for further consideration. *See, e.g.*, *Adamu v. Comm'r of Soc. Sec.*, No. 21-CV-1936 (PKC), 2024 WL 1259242, at *2–3 (E.D.N.Y. Mar. 25, 2024).

"In other situations," where courts have found "no apparent basis to conclude that a more complete record might support the Commissioner's decision" to deny benefits, courts can opt "simply to remand for a calculation of benefits." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999). Even in those situations, however, the Second Circuit encourages courts to "permit[] the Commissioner to retain the option, under 42 U.S.C. § 405(g), to file a motion before the district court requesting that the matter be remanded for further proceedings before the Commissioner" if the Commissioner identifies "new and material evidence" that the Commissioner had "good cause for having failed to submit . . . earlier." *Id.* at 83 n.8. "[R]emanding solely for calculation of benefits is considered an 'extraordinary action[.]'" *Catsigiannis*, 2013 WL 2445046, at *5 (quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)). At the same time, the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [she] correctly applies the

3

proper legal standard and gathers evidence to support [her] conclusion." *Nadeau v. Colvin*, No. 14-CV-1634 (WIG), 2015 WL 10687479, at *3 (D. Conn. Oct. 5, 2015) (quotation omitted), *R&R adopted as modified*, 2016 WL 1532231 (D. Conn. Apr. 15, 2016).

There is no need here for the Court to determine whether ALJ Donaghy erred during her second adjudication of Plaintiff's application, given that the parties already agree that she did. Instead, the Court need only decide whether to remand for a full rehearing or merely for calculation of benefits. In connection with the Court's prior adjudication of Plaintiff's appeal, Plaintiff requested "remand[] solely to calculate benefits." *Saposnick*, 2022 WL 595184, at *6 n.7. The Court declined that invitation, nothing that "the record here does not 'provide persuasive evidence of total disability that would render any further proceedings pointless[.]'" *Id.* (quoting *Estrella v. Berryhill*, 925 F.3d 90, 98 n.3 (2d Cir. 2019)).

Nothing that the parties have submitted changes the Court's evaluation in that regard. Since Plaintiff's last appeal was before this Court, the Commissioner has developed limited additional evidence. (*See* Tr. Index at ECF[2] 5–6 (exhibit list describing supplemental evidence gathered, limited to earnings records and medical records submitted by Plaintiff); *see also* Tr. 754–71, 802–88 (newly submitted evidence).) This is despite the fact that in the Court's previous opinion, it suggested that additional information from Plaintiff's two treating psychiatrists could have been useful "to reconcile any internal inconsistenc[ies]." *Saposnick*, 2022 WL 595184, at *5–6 (internal quotation marks omitted). Given the absence of this additional information or sufficient information to reconcile the internal inconsistencies the Court previously noted, the Court continues to believe that "the record here does not 'provide persuasive evidence of total

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

4

disability that would render any further proceedings pointless[.]'" *Id.* at *6 n.7 (quoting *Estrella*, 925 F.3d at 98 n.3).

That said, the Court is cognizant that Plaintiff has now faced a significant delay in the final adjudication of her benefits application. *See Butts*, 388 F.3d at 387 (explaining that courts should consider "hardship to a claimant of further delay" when engaged in a "discretionary selection of alternative remedies"). In this case, Plaintiff first applied for benefits over seven years ago, in November 2016. (Tr. 99.) In recognition of this delay, on remand, all further proceedings before an ALJ shall be completed within 60 days of the issuance of this Order and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered within 30 days of Plaintiff's appeal from the ALJ's decision. *See Butts*, 388 F.3d at 387 (applying time limits to remand); *see also Castigiannis*, 2013 WL 2445046, at *5 (same).

## CONCLUSION

For these reasons, the Court partially grants both parties' motions for judgment on the pleadings. The Commissioner's decision is remanded for further consideration consistent with this Memorandum and Order. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 5, 2024
       Brooklyn, New York

5