UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LAUREN SAPOSNICK,

                Plaintiff,

          - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-3600 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Lauren Saposnick filed this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for Disability Insurance Benefits ("DIB"). On August 5, 2024, the Court partially granted both parties' motions for judgment on the pleadings, remanding the Commissioner's decision for further consideration a second time. (*See* 8/5/2024 Memorandum & Order, Dkt. 5 ("8/5/2024 M&O") at 5.) Plaintiff now moves, through her attorney Jeffrey Delott ("Attorney Delott"), for an award of attorneys' fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Attorney Delott seeks market rate EAJA fees of $54,910, or in the alternative, statutory rate EAJA fees of $16,321.19.[1] (*See* Decl. of Att'y Delott, Dkt. 19 ("Pl.'s Aff.") at 13; Reply Mem. Supp. Mot. Att'y Fees, Dkt. 23 ("Pl.'s Reply Mem.") at 13.) In addition to the attorneys' fees award, Plaintiff's counsel seeks $402 for filing fees, $276.04 for electronic legal research charges, and $1,280 for paralegal fees. (Pl.'s Aff. at 14.) The Commissioner contends that Plaintiff's

---

[1] The calculations for market rate EAJA fees and statutory rate EAJA fees are based on a total of 64.6 hours worked, including the 5.2 hours Attorney Delott spent on the reply brief, multiplied either by the market rate of $850 per hour or by the statutory rate calculated by him of $252.65 per hour. (*See* Pl.'s Reply Mem., Dkt. 23 at 13; Pl.'s Aff, Dkt. 19 at 13.)

application for attorneys' fees should be denied or reduced because special circumstances exist making the requested amount unjust and because the hours claimed by Plaintiff's counsel are excessive and unreasonable. For the reasons set forth below, the Court grants Plaintiff's motion for fees in part, and awards Plaintiff's counsel $11,857.07 in attorneys' fees, $1,280 in paralegal fees, and $276.04 in expenses. Plaintiff is further awarded $402 in filing fee costs pursuant to 28 U.S.C. § 1920.

## BACKGROUND[2]

Plaintiff filed an application for DIB on November 29, 2016, alleging that her disability began May 11, 2015. (Administrative Tr., Dkt. 8 ("Tr.") at 99[3]; *see also* 8/5/2024 M&O at 1.) After the SSA initially rejected her application, Administrative Law Judge Margaret Donaghy ("ALJ Donaghy") held three hearings between October 2018 and July 2019, ultimately denying Plaintiff's application for benefits. (Tr. at 17, 28–29, 110.) Plaintiff appealed, and this Court remanded the case to the SSA on February 28, 2022. *See Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), 2022 WL 595184, at *1, 3 (E.D.N.Y. Feb. 28, 2022).

Upon remand, ALJ Donaghy once again denied Plaintiff's application for disability benefits on similar grounds as her previous ruling, and Plaintiff appealed to the Court a second time. (Tr. at 630–42; *see also* 8/5/2024 M&O at 2.) This time, the parties agreed that ALJ Donaghy had failed to comply with the Court's previous Memorandum and Order. However, they

---

[2] The Court assumes the parties' familiarity with the facts of this case, detailed in the Court's previous Order, and only recounts those facts that are relevant to the instant motion. *See Saposnick v. Kijakazi*, No. 23-CV-3600 (PKC), 2024 WL 3647658 (E.D.N.Y. Aug. 5, 2024).

[3] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript, (*see* Dkt. 8), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

disagreed on the appropriate remedy. (8/5/2024 M&O at 2.) Plaintiff sought remand "only for the calculation of benefits," whereas Defendant asked the Court to "remand so that the ALJ [could] adjudicate Plaintiff's application for benefits for a third time." (*Id.*) The Court partially granted both Plaintiff's and Defendant's motions, remanding for further proceedings, but directing the ALJ to complete the necessary proceeding "within 60 days of the issuance of [the Court's] Order." (*Id.* at 5.) The ALJ partially approved Plaintiff's DIB application on September 25, 2024. (Pl.'s Aff. at 14.) Thereafter, Plaintiff's counsel filed a motion for attorneys' fees on October 6, 2024, (*see* Mem. Supp. Pl.'s Mot. Att'y Fees, Dkt. 20 ("Pl.'s Mem.")), and the Commissioner filed an opposition on November 5, 2024, (*see* Comm'r Mem. Opp'n to Pl.'s Mot., Dkt. 21 ("Opp'n Mem.")).

## DISCUSSION

The EAJA provides that a court shall "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil litigation (other than cases sounding in tort)." 28 U.S.C. § 2412(d)(1)(A). In a case involving a successful challenge to a decision by the SSA, eligibility for an award of fees and other expenses requires (1) that the claimant be a "prevailing party," (2) that the Commissioner's position was not "substantially justified," and (3) that no "special circumstances make an award unjust." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); § 2412(d)(1)(B).


Here, the Commissioner neither disputes that Plaintiff is a prevailing party,[4] nor argues that the Commissioner's position was substantially justified.[5] (*See generally* Opp'n Mem., Dkt. 21.) Instead, the Commissioner contends that (1) Plaintiff's request for fees is unreasonable because it is above the "guideline range" of 20–40 hours; (2) Plaintiff did not properly calculate the hourly rate; (3) "special circumstances" exist justifying a denial or significant reduction of attorneys' fees; and (4) Plaintiff "engaged in conduct which unduly and unreasonably protracted the final resolution" of the case, warranting a reduction of fees under 28 U.S.C. § 2412(d)(1)(C). (*Id.*) Further, Plaintiff's counsel argues that "Defendant's initial litigation tactics constituted bad faith," (Pl.'s Mem. at 2), warranting market rate EAJA fees pursuant to 28 U.S.C. § 2412(b), instead of the statutory rate, (*see generally id.* at 6–9).

The Court construes the parties' arguments to broadly relate to two categories: (1) the appropriate hourly rates to be applied in this case, and (2) the appropriate total number of hours for which fees have been requested. The Court first assesses the issue of reasonable hourly rates.

## I.  Reasonable Hourly Rates

### A.  Bad Faith

"Under sections 2412(b) [of the EAJA], at the court's discretion, a plaintiff can recover attorney's fees at the prevailing market rate, rather than the statutory rate, if he establishes that the

---

[4] A party who obtains a remand order is considered a prevailing party. *See Berry v. Comm'r of Soc. Sec.*, No. 20-CV-2972 (PKC), 2022 WL 4661529, at *3 n.1 (E.D.N.Y. Sept. 30, 2022) (citing, *inter alia*, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). The Court remanded this case for further administrative proceedings; as such, Plaintiff qualifies as a "prevailing party." (8/5/2024 M&O at 5.)

[5] "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

4

Commissioner acted in bad faith in either opposing the claimant's benefits claim on the merits or in opposing the claimant's application for EAJA fees." *Bailey v. Astrue*, No. 10-CV-0865 (DLI), 2013 WL 2372295, at *4 (E.D.N.Y. May 31, 2013) (citing *Wells v. Bowen*, 855 F. 2d 37, 46 (2d Cir. 1988)). Bad faith exists where "the losing party's claims were entirely without color and made for reasons of harassment or delay or for other improper purposes." *Wells*, 855 F. 2d at 46 (internal quotation marks omitted).

The Court finds that no EAJA award predicated on bad faith is warranted here. "In order to award bad faith fees, the district court must find that the losing party's claim was (1) meritless; and (2) brought for improper purposes such as harassment or delay." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000). "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Id.*  Plaintiff requests market rate EAJA fees, arguing that Defendant's position was "not substantially justified because it pursued litigation when it should have known that ALJ Donaghy failed to apply Defendant's rules and regulations correctly," and that it was not until "[Defendant's] dispositive motion papers were due [that] Defendant offer[ed] a remand." (Pl.'s Mem. at 7–8.)  Plaintiff claims that this behavior is typical of the SSA, since it "does not pay interest on past due benefits," which results in it "usually wait[ing] until after claimants file their dispositive motion to take [Social Security Disability] cases seriously, and then offer[ing] a remand shortly before their cross motions are due." (*Id.* at 8–9.)  These arguments are insufficient to meet the high standard of showing "bad faith," which requires "far more egregious conduct . . . than is required under section 2412(d)['s substantially justified standard]." *Wells*, 855 F. 2d at 46. Moreover, the Commissioner's motion for remand was not "meritless" since the Court granted that motion in part and remanded the case for further proceedings. (*See* 8/5/2024 M&O

5

at 5.) Accordingly, the Court finds that there is no evidence of "bad faith," and denies Plaintiff's request for an EAJA fee award at market rate pursuant to 28 U.S.C. § 2412(b).

### B.  Statutory Rate: Consumer Price Index

In the alternative, Plaintiff requests EAJA fees based on the statutory rate, adjusted by the urban consumer price index ("CPI-U") of the New York region, of $252.65 per hour. (Pl.'s Aff. at 13.) Defendant contends that this hourly rate was improperly calculated and that the correct rate should be $244.62 for work done in 2023 and $250.59 for work done in 2024. (Opp'n Mem. at 11–12.) "Cost of living adjustments may be made for inflation and calculated according to the Consumer Price Index ('CPI') for each year in which services were performed." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 673 n.9 (S.D.N.Y. 2010). Courts "determin[e] the cost-of-living adjustment by multiplying the basic EAJA rate by the current [CPI] for urban consumers (CPI–U), and then dividing the product by the CPI–U in the month that the cap was imposed ([which is] March 1996 for post-amendment cases)." *Safranek v. Wormuth*, No. 23-CV-5985 (JCM), 2024 WL 5186599, at *3 (S.D.N.Y. Dec. 19, 2024) (citation omitted).

Here, Plaintiff uses a single CPI-U of 336.534, adjusted for "New York-Newark-Jersey City," (Pl.'s Aff. at 13 (citing U.S. Bureau of Lab. Statistics Website)), whereas Defendant uses two CPI-Us—304.702 for 2023 and 312.145 for 2024—based on a "U.S. City Average," (Opp'n Mem. at 12). The Court partially agrees with both parties and finds that while the CPI-U must be separately calculated for 2023 and 2024, adjusting the CPI-U to the New York region is reasonable. *See Make Rd. N.Y. v. Blinken,* No. 19-CV-11633 (GBD) (OTW), 2024 WL 4664712, at *13 (S.D.N.Y. Sept. 4, 2024) (finding Plaintiff's proposal for "using the CPI-U for the Northeast region" reasonable and stating that "[t]he court must apply a different [cost of living adjustment], as measured by the [CPI-U] for each year in which legal work was performed, rather than applying a single adjustment to the total hours billed"). The appropriate CPI-U, adjusted for the New York

region, is 321.998 for 2023 and 332.799 for 2024.[6] And the March 1996 CPI-U for the New York region was 166.50. *See id.* at *13 (using 166.5 as the March 1996 CPI-U for the Northeast Region). Based on these figures, the Court finds the reasonable EAJA rates to be:

2023: $125 x (321.998 / 166.5) = $241.740 (annual average)[7]

2024: $125 x (332.799/ 166.5) = $249.849 (average from January to September 2024)[8]

## II.     Reasonable Hours

Plaintiff's counsel worked for 54.2 hours in 2023 and 10.4 hours in 2024, including 2 hours on the instant fee motion, 3.2 hours on miscellaneous tasks, and 5.2 hours on the reply. (*See* Pl.'s Reply Mem. at 13; Billable Hrs. Time Sheet, Dkt. 19-1 at ECF 1–2.[9]) Plaintiff's counsel thus worked for a total of 64.6 hours.

---

[6] U.S. Bureau of Labor Statistics, Consumer Price Index–New York-Newark-Jersey City, NY-NJ-PA, "All Items" (1982–84=100), available at https://data.bls.gov/PDQWeb/cu.

[7] Plaintiff's statement that the "annual CPI for 2023 [for the New York region] is 324.498," (Pl.'s Reply Mem. at 12), is incorrect; 324.498 is the average CPI-U for the *second half* of 2023, i.e. between July and December 2023. (*See* CPI-U Table for N.Y., Dkt. 22-1.) Moreover, Plaintiff attaches an exhibit showing an alternative CPI-U table that uses 1967 as its base reference year, with no explanation or argument as to why that table is more appropriate than the commonly-used CPI-U table with 1982–84 as its base reference years. (*See* Dkt. 22-2.) The Court accordingly disregards Plaintiff's assertion that the Court should consider this alternative CPI-U table. Finally, Plaintiff's counsel's calculations in the reply brief fail to use the correct March 1996 CPI-U number as the denominator in the equation—counsel uses the U.S. average of 155.7 instead of the New York region CPI-U of 166.5 in the denominator, which results in higher market rates than accurate. (*See* Pl.'s Mem. at 12; *see also* CPI-U Table for N.Y., Dkt. 22-1.)

[8] The Court calculates the CPI-U of 332.799 by taking the average of the CPI-Us between January and September 2024, based on selecting "New York-Newark-Jersey City, NY-NJ-PA" and "All Items" from the data table available at https://data.bls.gov/PDQWeb/cu.

[9] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

### A. Guideline Range

Defendant first argues that the hours Plaintiff's counsel worked on this action vastly exceed the "guideline range" of 20–40 hours. (*See* Opp'n Mem. at 3–8.) When awarding attorneys' fees in excess of that range, "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Jimenez ex rel. D.S.J. v. Comm'r of Soc. Sec.*, No. 21-CV-2030 (KMK) (AEK), 2023 WL 7304680, at *2 (S.D.N.Y. May 31, 2023), *R. & R. adopted*, 2023 WL 6533501 (S.D.N.Y. Oct. 6, 2023).

Here, the administrative record was almost 900 pages long, which supports Plaintiff's request for 64.6 hours of work. *See Daily v. Comm'r of Soc. Sec.*, No. 18-CV-1080 (AT) (KNF), 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (approving 68.3 hours for an administrative record 900 pages long). Moreover, "courts in this District have rejected the notion that experience alone justifies a reduction in the hours requested." *Santiago v. Comm'r of Soc. Sec.*, No. 20-CV-11104 (VF), 2023 WL 21853, at *4 (S.D.N.Y. Jan. 3, 2023). The Court nevertheless notes that Attorney Delott represented this case at the administrative level and gives credence to the Commissioner's argument that "the extensive overlap between the work product at the administrative level, the work product in the prior civil action, and the work product filed here indicates either . . . reuse of prior work product . . . [or] duplication of effort."[10] (Opp'n Mem.

---

[10] Specifically, the Commissioner argues that the presentation of Plaintiff's medical facts in the Complaint are identical to portions of her reply brief from the prior action. (*Compare* Dkt. 1 at 2–7, 16–17, 23–24), *with Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), Dkt. 26 at 3–8. Moreover, Plaintiff's initial brief "largely mirrors the same three arguments presented to the Appeals Council" as well as those presented in her prior civil action. (*Compare* Dkt. 10, *with* Tr. 436–77) *and Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), Dkts. 25–26. Importantly, Plaintiff does not dispute the truth of Defendant's assertions, arguing instead that this only supports Plaintiff's claim that Defendant was acting in bad faith by waiting so long to offer a voluntary remand. (*See* Pl.'s Reply Mem. at 7–9.)

at 7.) And though this case faced considerable delays in its ultimate adjudication, the Court is further persuaded by the Commissioner's assertion that the issues themselves were not particularly complex. This is especially evidenced by the fact that, by the time this case came before this Court a second time, both parties agreed that a remand was necessary but only disagreed as to the nature of that remand. (*See* 8/5/2024 M&O at 2.)

"In circumstances where there is a duplication of effort, a court has discretion to reduce the amount of fees awarded." *Cutajar v. Comm'r of Soc. Sec.*, No. 19-CV-05569 (SDA), 2020 WL 2999232 (S.D.N.Y. June 4, 2020) (citing *Padula v. Colvin*, 602 F. App'x 25, 28 (summary order) (2d Cir. 2015)). Plaintiff's counsel's request for 17.9 hours of work on the Complaint and 22 hours on the initial brief (a total of 39.9 hours) is thus excessive and a downward reduction is warranted. Though the Commissioner requests that the Court reduce the hours from 39.9 to 17, such a drastic reduction is unnecessary given that the work products were not wholly identical and presumably required further editing and review. Based on the considerations above, the Court limits the hours Attorney Dellott can request for the work done on the Complaint and initial brief to 24 hours, a reduction of 15.9 hours worked in 2023.[11]

This reduction results in a calculation of EAJA fees for 38.3 hours worked in 2023 and 10.4 hours worked in 2024, totaling 48.7 hours. Applying the market rate calculated above,[12] the

---

[11] The Court further finds that 12.8 hours of paralegal work, at $100 per hour, most of which was spent preparing a "symptoms table" that was used in the reply brief, is reasonable. (Dkt. 19-3 at ECF 1); *see Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) ("In the Second Circuit, prevailing paralegal, law clerk and legal assistant rates have more recently been found to be anywhere from $70 to $100 per hour.").

[12] The relevant market rates, as calculated by the Court *supra*, are $241.740 for 2023 and $249.849 for 2024.

9

new EAJA fees amount to $9,258.64 in 2023 and $2,598.43 for 2024, totaling $11,857.07 for 48.7 hours of work.

### B.      Special Circumstances

Defendant further argues that all hours billed after September 8, 2023—when Defendant offered a voluntary remand to Plaintiff, which she rejected—should be disregarded because Plaintiff's rejection of the remand offer was unreasonable and because a remand was the Court's ultimate remedy. (*See* Opp'n Mem. at 8–10 (citing *McKay v. Barnhart*, 327 F. Supp. 2d. 263, 268 (S.D.N.Y. 2004).) "The EAJA's special circumstances exception is a safety valve that gives the court discretion to deny awards where equitable considerations dictate an award should not be made." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (internal quotations omitted). Where fees are "expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just." *United States v. 27.09 Acres of Land*, 43 F.3d 769, 775 (2d Cir. 1994) (holding that special circumstances existed where plaintiff played a marginal role in litigation involving multiple co-plaintiffs).

Here, Plaintiff's decision to reject the government's voluntary remand offer was not "unreasonable." Unlike the facts in *McKay*, Plaintiff would not have "attained the same result had [s]he accepted the offer for remand rather than opposing it." 327 F. Supp. 2d at 268. Plaintiff specifically argued for a remand for the purpose of calculating benefits, and though the Court found that such a remand was not appropriate in this case, it nevertheless recognized the significant delays in the final adjudication of Plaintiff's benefits application and gave ALJ Donaghy specific instructions for completing further proceedings within 60 days of the Court's Order. (8/5/2024 M&O at 5.) Had Plaintiff accepted Defendant's remand offer when it was made to her, the

10

outcome would not have come with this additional condition. The Court accordingly does not agree that a further reduction of hours due to "special circumstances" is warranted.[13]

## CONCLUSION

For the reasons discussed above, the Court grants-in-part and denies-in-part Plaintiff's motion for EAJA fees pursuant to 28 U.S.C. § 2412(d)(1). Plaintiff is awarded $11,857.07 in attorneys' fees, $1,280 in paralegal fees, and $276.04 in expenses. Plaintiff is further awarded $402 in filing fee costs pursuant to 28 U.S.C. § 1920.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 3, 2025
       Brooklyn, New York

---

[13] For the same reasons, the Court rejects Defendant's argument that Plaintiff "engaged in conduct which unduly and unreasonably protracted the final resolution" of the case, warranting a reduction of fees under 28 U.S.C. § 2412(d)(1)(C). (Opp'n Mem. at 10–11.)