UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAUREN SAPOSNICK,

                        Plaintiff,

            - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                        Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-3600 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Lauren Saposnick filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits.  After the parties filed cross-motions for judgment on the pleadings, the Court partially granted both parties' motions and remanded the case to the SSA, where Plaintiff was awarded roughly $245,236 in past-due benefits and $97,566.75 in auxiliary benefits[1].  Plaintiff's counsel, Jeffrey Delott, now moves for $91,955.25 in attorney's fees pursuant to 42 U.S.C. § 406(b).  For the reasons explained below, Delott's motion is granted in full.

## BACKGROUND[2]

After representing Plaintiff before the SSA, Delott filed this action on behalf of Plaintiff on May 14, 2023.  (Dkt. 1.)  After the parties filed cross-motions, *both* seeking remand to the SSA, (*see* Dkt. 9; Dkt. 12), the Court partially granted both parties' motions and remanded to the SSA,

---

[1] "Auxiliary benefits" refer to those benefits granted to Plaintiff for her child.

[2] The Court here sets out only the background relevant to the motion before it.  Additional background on the case-in-chief is contained in the Court's prior decisions in this case.  *See, e.g.*, *Saposnick v. Kijakazi*, No. 23-CV-3600 (PKC), 2024 WL 3647658, at *1 (E.D.N.Y. Aug. 5, 2024).

1

*see Saposnick*, 2024 WL 3647658, at \*3.  The Court then awarded Plaintiff's counsel $11,857.07 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 24); *Saposnick v. Kijakazi*, No. 23-CV-3600 (PKC), 2025 WL 373463, at \*5 (E.D.N.Y. Feb. 3, 2025).

On June 25, 2025, Delott filed the present motion before the Court for attorney's fees, seeking $91,963.53 under 42 U.S.C. § 406(b) of the Social Security Act ("Section 406(b)").  (Mot. for Att'y's Fees, Dkt. 25.)  At the time of filing, however, the SSA had not yet issued a Notice of Award to Plaintiff.  (Mem. in Supp. of Mot. for Att'y's Fees ("Pl.'s Mem."), Dkt. 26, at 2.).  On August 8, 2025, the SSA filed its response, attaching as an exhibit an advanced copy of the Notice of Award letter ("the Primary Letter") that was mailed to Plaintiff on August 11, 2025.  (Resp. to Fees Mot. ("Def.'s Resp."), Dkt. 28; Primary Ltr., Dkt. 28-1.)  The Primary Letter informed Plaintiff that she would receive approximately $245,236 in past-due benefits, with 25% of that amount ($61,309) withheld as possible fees for her attorney.  (Primary Ltr., Dkt. 28-1, at 3–4.)  On October 28, 2025, the SSA issued a second Notice of Award letter ("the Auxiliary Letter") to Plaintiff, granting her approximately $97,566.75 in additional past-due auxiliary benefits, with $30,646.25 withheld as possible fees for her attorney.[3]  (Pl.'s Reply Auxiliary Ltr., Dkt. 29, at ECF[4] 9.)  In his reply filed on November 5, 2025, Delott amended his request, lowering the amount

---

[3] The Court takes these numbers from the Auxiliary Letter, which provides that Plaintiff would receive $97,566.75 and that $30,646.25 had been withheld for Plaintiff's representative. (Pl.'s Reply Auxiliary Ltr., Dkt. 29, at ECF 5.)  However, it is unclear how the SSA arrived at these numbers.  The letter states that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (*Id.*)  But $30,646.25 is not 25% of $128,213 (the sum of $30,646.25 and $97,566.75); nor is it 25% of $97,566.75.  Nonetheless, the Court relies on the SSA's calculation, as neither party has challenged it.

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

of his fees request to $91,955.25,[5] the sum of the withheld amounts indicated in Plaintiff's two Notices of Award ($61,309.00 + $30,646.25), for his work in representing Plaintiff. (*See* Pl.'s Reply, Dkt. 29, at ECF 1.)

Along with Delott's motion and reply, counsel submitted a fee agreement, demonstrating that Saposnick had retained Delott on a 25% contingency-fee basis. (Retainer Fee Agreement, Dkt. 26-1, at ECF 1.) Delott did not attach any itemized time records but alleges in his motion that he spent a total of 96.3 hours litigating this matter.[6] (Pl.'s Mem., Dkt. 26, at 4.) $91,955.25 for 96.3 hours of work would be an effective hourly rate of $954.88 per hour.

## DISCUSSION

### I.   Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period proscribed by Federal Rule of Civil Procedure ("Rule") 54(d). Fed. R. Civ. P. 54(d)(2)(B); *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when

---

[5] Delott seems to have calculated the sum he first sought, $91,963.53, using information allegedly given to him by the SSA in June 2025. Specifically, he claimed that the SSA informed him that Plaintiff's "primary past benefits totaled $61,309[], and her auxiliary benefits would be 50% of that amount." (Pl.'s Mem., Dkt. 26, at 2.) But this would put Plaintiff's *total* award at $91,963.50, and 25% of that amount would have been $22,990.875. However, as discussed above, Plaintiff's award was in fact much higher. In any event, Delott has now amended his requested fee amount in his reply to reflect the total withheld by the SSA, or $91,955.25. (*See* Pl.'s Reply, Dkt. 29, at ECF 1.)

[6] Counsel represented Plaintiff for her first appeal against the SSA before this Court in 2020. *See Saposnick v. Comm'r of Soc. Sec.*, No. 20-CV-3844 (PKC), 2022 WL 595184, at *1–2 (E.D.N.Y. Feb. 28, 2022). The Court remanded Plaintiff's case to the SSA, which was rejected again by the Administrative Law Judge ("ALJ"); the present action comprises Plaintiff's second appeal to this Court. (*See* Pl.'s Mem. in Supp. of Mot. for J. on the Pleadings ("Pl.'s Pleadings Mem.", Dkt. 10, at ECF 3–5.) Counsel submits that he worked 47.6 hours during the 2020 action and 48.7 hours during the present action. (Pl.'s Mem., Dkt. 26, at 4.) The Court approved these hours when it awarded the respective EAJA fees for each action. (*See* Dkt. 34-1); Docket Order, *Saposnick v. Comm'r of Soc. Sec*, No. 20-CV-3844 (PKC) (E.D.N.Y. Feb. 7, 2023) ("*Saposnick I*").

"counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5. Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Here, Plaintiff's counsel filed this motion over a month before Plaintiff received the Primary Letter. (*See* Mot. for Att'y's Fees, Dkt. 25; Def.'s Resp., Dkt. 28, at 2.) Delott alleges that the early filing was done to prevent untimeliness, as the SSA had advised him (though not via a Notice of Award letter) on June 25, 2025 that Plaintiff's primary past due benefits amounted to $61,309 and that her auxiliary benefits totaled 50% of that amount. (Pl.'s Mem., Dkt. 26, at 2.) Counsel thus filed his fees motion that same day. (Mot. for Att'y's Fees, Dkt. 25.) The SSA agrees that no Notice of Award had been issued at the time Delott filed his fees motion, but takes no position on whether Delott's motion is untimely. (Def.'s Resp., Dkt. 28, at 1–2.)

The 14-day limitation of Rule 54(d) is "not absolute." *Sinkler*, 932 F.3d at 89. "[T]he rule itself affords courts the discretion to alter a specified filing time . . . when such an alteration is appropriate in a particular case." *Id.* at 90. Assuming, without deciding, that the information counsel received from the SSA on June 25, 2025 was sufficient to trigger the 14-day period, the appropriate deadline for filing for attorney's fees was July 9, 2025. As Delott's motion was filed on June 25, 2025, the Court finds that it was timely filed. *See Jennifer W. v. Comm'r of Soc. Sec.*, No. 5:19-CV-0037 (GWC), 2020 WL 13608038, at *2 (D. Vt. Oct. 8, 2020) (calculating, absent a formal Notice of Award, the 14-day period as based on counsel's correspondence with the SSA regarding the plaintiff's past-due benefits and finding the motion to be timely on that basis); *Mirante v. Kijakazi*, No. 20-CV-4051 (JGK), 2023 WL 6602210, at *2 (S.D.N.Y. Oct. 9, 2023) (same). Additionally, to the extent Delott might have filed his fees' motion prematurely or too

4

early, the Court sees no prejudice in this case, as Defendant was granted additional time to respond and had received a copy of the Primary Letter when responding to the instant motion.  (*See* Primary Ltr., Dkt. 28-1, 07/08/2025 Dkt. Order.)

## II.     Reasonableness of the Requested Fee

### A.     Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness only.  *See Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the result the representative achieved"; (2) "whether a claimant's counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of additional past-due benefits;[7] and (3) whether the requested amount is so "large in comparison to the time that counsel spent on the case" as to be a "windfall" to the attorney.  *Id.* at 849 & n.2, 853 (citations omitted).

The windfall factor is not equivalent to the traditional lodestar inquiry, where the Court is called on to act as an arbiter of 'reasonableness' between the "opposing interests of prevailing

---

[7] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand.  *See Fields*, 24 F.4th at 849 & n.2 ("Undue delay can be a particular problem in cases . . . in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery." (citing *Gisbrecht v. Barnhard*, 535 U.S. 789, 791 (2002))); *id.* ("[W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (quoting *Gisbrecht*, 535 U.S. at 791)).

plaintiffs and losing defendants." *Id.* at 854 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* (citing *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010)).  Courts will also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.  Ultimately, a district court may reduce the amount called for in the contingency fee agreement after considering the factors outlined above "only when [the court] finds the amount to be unreasonable." *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee.  *Gisbrecht*, 535 U.S. at 796; *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-0548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citation omitted).

## A.    Application

Here, Plaintiff retained Delott pursuant to a 25% contingency-fee agreement.  (Retainer Fee Agreement, Dkt. 26-1, at ECF 1–2.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Delott seeks the full 25% of Plaintiff's past-due benefits.  At

96.3 hours of work, that would be an effective hourly rate of $954.88 per hour. For the reasons explained below, the court does not find that amount to be unreasonable in the context of this case.

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849 (citation omitted). Counsel's briefing was effective, professional, and identified the relevant infirmities in the SSA's decision, (s*ee* Pl.'s Pleadings Mem., Dkt. 10, at 4–22 (challenging the ALJ's decision as unsupported by substantial evidence and based on the ALJ's substitution of her medical knowledge for that of a physician)). Following counsel's arguments, the SSA agreed that a remand was necessary, and the Court later granted a remand. (*See* Dkt. 12-1, at 19–20 (acknowledging that the ALJ did not comply with the Court's orders to properly evaluate the opinion of medical experts, necessitating remand)); *Saposnick*, 2024 WL 3647658, at *1 (granting remand in part based on these arguments). After years of litigation, counsel achieved exactly what Plaintiff hoped for: a sizeable six-figure award of past-due and future benefits, (*see* Primary Ltr., Dkt. 28-1; Pl.'s Reply Auxiliary Ltr., Dkt. 29 at ECF 4–9). This factor thus does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for undue delays. *Fields*, 24 F.4th at 849. There is no evidence counsel was responsible for any meaningful delay. Rather, counsel was prompt in all of his filings, and the only delay was caused by Defendant, (*see* Dkt. 6 (requesting extension to file the administrative transcript)). This factor also does not warrant a downward adjustment.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *Fields*, 24 F.4th at 854, the Court believes that 96.3 hours was a reasonable amount of time to spend in this matter, which involved two separate appeals. In the second appeal in this case, the transcript was 894 pages, (Dkt. 8), and Delott drafted an opening brief of 25 pages, (Pl.'s Pleadings Mem., Dkt. 10). And, when Plaintiff found the SSA's response unsatisfactory, he drafted a 10-page reply brief, (Dkt. 13). Delott also filed a supplemental brief in opposition to the SSA's request for extension, (Dkt. 7). Furthermore, in the first appeal, the transcript was 631 pages and Delott prepared a 25-page opening brief. *See* Administrative Tr., *Saposnick I*, Dkt. 13; Pl.'s Mem. Supp. Mot. J. Pleadings, *Saposnick I*, Dkt. 16. Courts within this Circuit "generally and routinely endorse 20–40 hours for work performed by counsel in Social Security disability cases." *Lieberman v. Bisignano*, No. 19-CV-2870 (NSR) (AEK), 2025 WL 2933589, at *4 (S.D.N.Y. Aug. 12, 2025) (citing *Bass v. Kijakazi*, No. 16-CV-6721 (JCM), 2022 WL 1567700 (S.D.N.Y. May 18, 2022) (collecting cases)). Although counsel's total hours across the two separate actions he filed for Plaintiff in this Court falls outside the typical range for two federal court cases, the length and the complexity of the underlying administrative proceedings, including multiple hearings before the SSA and Appeals Council, (*see* Dkt. 8, at 1, 17, 630–42), and two separate remands, (*see id.* at 630–42); *Saposnick*, 2024 WL 3647658, at *1, reasonably supports the combined 96.3 total hours billed. Therefore, the Court finds that this factor does not warrant a downward adjustment. *See also Lieberman*, 2025 WL 2933589, at *4 (finding that 85.2 hours of work did not warrant a downward adjustment where counsel filed two separate federal actions for remand); *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220–21 (W.D.N.Y. 2006) (finding 95.5 hours reasonable where the case had a "complicated procedural history"); *see also Williams v.*

*Kijakazi*, 797 F. Supp. 3d 164, 172 (E.D.N.Y. 2025) (finding 92.1 hours reasonable where counsel filed supplemental briefs in opposition to the SSA's requests for extensions of time).

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Delott represented Plaintiff in front of the SSA before filing this suit. There, he served as Plaintiff's representative before the agency from the start of the litigation on March 17, 2017, (Dkt. 8, at 116), until the case's termination, including four hearings before ALJs, (*id.* at 17, 630), and a petition to the SSA Appeals Council, (*id.* at 1). These circumstances demonstrate a "significant investment of time and effort" that enabled Plaintiff's recovery. *See Fields*, 24 F.4th at 855 (finding the same where counsel represented plaintiff throughout, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council). Thus, the Court finds that no downward adjustment is warranted.

Third, with respect to "the satisfaction of the disabled claimant," *id.*, the Court presumes that Saposnick is satisfied with the results, given that there is no evidence to the contrary. Plaintiff received the past-due benefits she sought, and counsel was not responsible for any delays that might have warranted dissatisfaction. Therefore, this factor does not justify a downward adjustment. *See also Meyer v. Acting Comm'r of Soc. Sec.*, No. 22-CV-5582 (LDH) (JMW), 2025 WL 2879978, at *5 (E.D.N.Y. Oct. 9, 2025) (presuming no dissatisfaction where counsel achieved a favorable result); *Goodwin v. Comm'r of Soc. Sec. Admin.*, No. 24-CV-1139 (NRM) (SIL), 2026 WL 41232, at *3 (E.D.N.Y. Jan. 7, 2026) (same); *Oliver-Johnson v. Bisignano*, No. 25-CV-0199 (VMS), 2026 WL 579419, at *2 (E.D.N.Y. Mar. 2, 2026) (same).

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, the Court notes that

9

Plaintiff's claim was denied three separate times at the administrative level, making success far from certain. *See also Kantrowitz v. Comm'r of Soc. Sec.*, No. 21-CV-0642 (CLP), 2025 WL 845184, at *4 (E.D.N.Y. Mar. 17, 2025) (finding an uncertain outcome where Plaintiff's claim was denied multiple times at the SSA level.) As in *Fields,* the SSA denied Plaintiff's claim even after remand, supporting a finding that this was a close case. *See Fields*, 24 F.4th at 850–51; *Johnson v. Kijakazi*, No. 20-CV-2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (finding uncertainty where the plaintiff was denied benefits again after remand). The Court finds that this factor does not warrant a downward adjustment.

For the reasons explained above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the Section 406(b) award, Delott must remit the $11,857.07 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Delott is awarded $91,955.25. Upon receipt of this award from the government, Delott shall promptly refund Plaintiff $11,857.07, which represents the EAJA fees already received by counsel.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 27, 2026
      Brooklyn, New York